UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA CARTER | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2273 |
| QUINTAROS, PRIETO, WOOD & BOYER, P.A., ET AL. | * | SECTION "R" DIV. (2) |

**ORDER AND REASONS**

Before me is Plaintiff Pamela Carter's Motion for Reimbursement of Service Costs and Attorneys' Fees. ECF No. 22. Defendants Eric Boyer, Deborah Riley, Elisa Hernandez, and Quintaros, Prieto, Wood & Boyer, P.A. filed a timely Opposition Memorandum, and Plaintiff filed a Reply Memorandum. ECF Nos. 28, 30. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is GRANTED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Pamela Carter filed suit against her former employer Quintaros, Prieto, Wood & Boyer, P.A. ("QPWB"), its General Counsel Debbie Riley, Managing Partner Eric Boyer, and Officer Elisa Hernandez asserting claims of discrimination and retaliation under the Family and Medical Leave Act, Americans With Disabilities Act and Louisiana's Employment Discrimination Laws, breach of contract, defamation, tortious interference, and violations of Louisiana's Wage Payment Act. ECF No. 1.

By letter dated November 12, 2025, Plaintiff requested waiver of service in accordance with Rule 4(d) of the Federal Rules of Civil Procedure. ECF No. 22-1 at 1; No. 22-2 at 3-33; No. 22-6, 22-7. Counsel for QPWB responded indicating all Defendants would require formal service.

1

ECF No. 22-1 at 3; No. 22-4.  Plaintiff thus engaged private process server(s) to serve each defendant.  ECF No. 22-1 at 2.  Plaintiff indicates the costs for investigation and service as to QPWB amounted to $667.30 and submits an invoice for $230.  ECF No. 22-1 at 3; No. 22-8.  Similarly, a private process server served the individual defendants.  Plaintiff initially indicated the cost for service totaled $ 1,449.25 (although the sum is $ 1,371.95) but asserts in his Reply that the costs total $2,039.25.  ECF No. 22-1 at 5; No. 30 at 1; *see also* ECF Nos. 11, 14, 19, 22-8, 22-9.  Plaintiff thus seeks to recover a total of $4,103.25, reflecting $2,039.25 in service costs and $2,064 in attorneys' fees.  ECF Nos. 22, 30.

The Defendants concede that Plaintiff is entitled to recover service costs but disputes the amount of same as well as the attorneys' fees.  ECF No. 28 at 1-3 & n.1.  Defendants argue Plaintiff knew that QPWB is a Miami-based firm and the individuals do not reside in Louisiana, and the attorneys' fees are inadequately described and appear duplicative.  *Id.* at 2-3.

In reply, Plaintiff corrects her calculation of service costs and argues that, while QPWB is based in Miami, it operates nationwide, rents offices throughout the country, and provides a principal address in Louisiana in its Louisiana Secretary of State filings.  ECF No. 30 at 1-2.  Plaintiff explains that the process server was advised that QPWB had relocated, and upon arrival at the new address, the office manager refused to accept service.  *Id.* at 2.  When QPWB's counsel contacted Plaintiff's counsel, he refused to accept service or to provide address information, leaving Plaintiff with no choice but to incur the costs necessary to obtain same.  *Id.*  As to fees, Plaintiff's counsel explains that the time spent was only that incurred in drafting the motion, not the 4.7 hours incurred in investigating and effecting service, and that he exercised billing judgment by reducing the associate's time from 4.5 hours to 4.0 hours.  *Id.* at 3.

2

## II.    APPLICABLE LAW & ANALYSIS

### A.  Rule 4's Duty to Avoid Unnecessary Expenses

The Federal Rules of Civil Procedure allow a plaintiff to notify a defendant of a pending action and request that the defendant waive service.[1]  Rule 4(d) imposes upon a defendant the duty to waive service to avoid unnecessary expenses associated with serving the summons.[2]  It provides, in pertinent part:

> (1) *Requesting a Waiver*.  An individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expense of serving the summons.  The plaintiff may notify the defendant that an action has been commenced and request that the defendant waive service of a summons.  The notice and request must:
> (A) be in writing and be addressed:
>> (i) to the individual defendant; or
>> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B) name the court where the complaint was filed;
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> (E) state the date when the request is sent;
> (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States-- to return the waiver; and
> (G) be sent by first-class mail or other reliable means.[3]

If a defendant located within the United States fails to waive service without good cause, that party must pay not only the expenses incurred in making service but also the "*reasonable* expenses, including attorney's fees, of any motion required to collect those service expenses."[4]

---

[1] FED. R. CIV. P. 4(d)(1); *see also Clean Pro Carpet & Upholstery, Inc. v. Upper Pontalba of Old Metairie Condo. Assoc., Inc.*, No. 20-1550, 2022 WL 1288721 at *3 (E.D. La. Apr. 29, 2022).

[2] FED. R. CIV. P. 4(d)(1).

[3] *Id.*

[4] *Id.* at 4(d)(2)(A)-(B) (emphasis added).  Good cause under Rule 4(d)(2) is a high standard.  *Clean Pro Carpet*, 2022 WL 1288721 at *4; FED. R. CIV. P. 4(d) advisory committee's note to 1993 Amendment.

To recover costs, a plaintiff must establish at least substantial compliance with the requirements of Rule 4(d)(1)(A)-(G).[5]

The Court finds that Plaintiff has complied with Rule 4(d). Moreover, Defendants concede Plaintiff's entitlement to recover under Rule 4, disputing only $667.30 in costs associated with early service efforts on QWPB and the amount of fees charged. ECF No. 28 at 2-3.

### B. The Lodestar Methodology

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[6] The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees as it "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[7] Lodestar

---

[5] *See Polk Constr. Corp. v. Covasa Constr., L.L.C.*, No. 12-2970, 2013 WL 6184988, at *2 (E.D. La. Nov. 26, 2013) (Engelhardt, J.) (placing "the burden of showing entitlement to costs and fees" under Rule 4(d)(2) on the movant (citing *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004) (citing cases))). Some courts have held that strict compliance with Rule 4(d)(1) is a condition precedent to entitlement to recovery. *Kumaran v. Vision Fin. Mkts., LLC*, 338 F.R.D. 17, 18 (S.D.N.Y. 2021); *accord. Darby v. Norfleet*, No. 09-2764, 2010 WL 996545, at *3 (E.D. La. Feb. 22, 2010) (denying costs where plaintiff failed to comply with the requirements of Rule 4(d)(1)(C)), *R.& R. adopted*, 2010 WL 996542 (E.D. La. Mar. 16, 2010) (Vance, J.); *Suggs v. Cent. Oil of Baton Rouge*, LLC, No. 13-25, 2014 WL 3374719, at *1 (M.D. La. July 9, 2014) ("Failure to comply with the specific requirements of Rule 4(d)(1) will foreclose any award of costs."); *Spivey v. Bd. Of Church Extension & Home Mission of Church of God*, 160 F.R.D. 660, 663 (M.D. Fla. 1995). But others have held that "technical" violations may not bar recovery, particularly in the absence of actual prejudice. *Judeh v. La. State Univ. Sys.*, No. 12-1758, 2013 WL 654921, at *3-4 (E.D. La. Feb. 20, 2013) (citing cases); *see also Hanna v. LeBlanc*, No. 15-2851, 2017 WL 2198345, at *12 (W.D. La. Mar. 8, 2017) (citing *Flores*, 116 F. App'x at 508), *R.&R. adopted*, 2017 WL 2198188 (May 18, 2017), *aff'd*, 716 F. App'x 265 (5th Cir. 2017). Rather, substantial compliance with Rule 4(d)(1) can suffice. *Hatch v. Jones*, No. 18-4146, 2019 WL 6137389, at *6 (S.D. Tex. Oct. 30, 2019) (citing *Hanna*, 2017 WL 2198345, at *12; *Judeth*, 2013 WL 654921, at *3-4), *R.&R. adopted*, 2019 WL 6135119 (S.D. Tex. Nov. 15, 2019); *accord. Flores*, 116 F. App'x at 508 "[S]ervice of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule."). And, conversely, failure to substantially comply with Rule 4(d)(1) provides a defendant with good cause for failing to execute a waiver. *See, e.g., Hatch*, 2019 WL 6137389, at *6 (citing *Suggs*, 2014 WL 3374719, at *2; *Judeh*, 2013 WL 654921, at *5).

[6] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[7] *Hensley*, 461 U.S. at 433; *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process. First, the court calculates the 'lodestar'. . .") (citation omitted), *reh'g en banc granted on other grounds*, 660 F.3d 481 (5th Cir. 2011).

is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[8]  The court should exclude all time that is excessive, duplicative, or inadequately documented.[9]  "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[10]

Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[11]  If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar.[12]  "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[13]  The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[14]

### 1.  Reasonable Hourly Rate

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[15]  Rather, the "appropriate hourly rate . . . is the market rate in the community for

---

[8] *Hensley*, 461 U.S. at 433;  *Jimenez*, 621 F.3d at 379 (citation omitted).

[9] *Jimenez*, 621 F.3d at 379–80 (citation omitted); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

[10] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation omitted); *accord. Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

[11] *Abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 94-95 (1989); *see Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted).  The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

[12] *Watkins*, 7 F.3d at 457 (citation omitted).

[13] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).

[14] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

[15] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 2019); *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 2013) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 2004)).

th[e] work."[16]   The rate must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation."[17]   Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[18]

Plaintiff seeks to recover $375 an hour for 2.7 hours for lead counsel and $250 per hour for 4 hours for an associate.  ECF No. 22-10 ¶¶ 8-10.   When the hourly rate sought is not opposed, it is *prima facie* reasonable.[19]

### 2.   Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[20]   Further, only work of a legal nature is compensable.  That includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[21]   This work must be distinguished from activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or

---

[16] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984))); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").

[17] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).

[18] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy,* 548 F. Supp. 2d at 284.

[19] *Kellstrom*, 50 F.3d at 328 (citation omitted); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested (citation omitted)).

[20] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner*, 129 F.3d at 822; *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[21] *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).

delivering pleadings.[22]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[23]  Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[24]

In addition, the party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[25] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[26]  The burden is on the party seeking the fee award to prove that they exercised billing judgment.[27]  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[28]  As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of billings.[29]

In this case, Plaintiff's counsel established the exercise of billing judgment.  Given the relative scarcity of jurisprudence on this issue and the research needed, 4 hours for an associate and 2.7 hours for lead counsel is not unreasonable.  Further, the hours only relate to the time spent

---

[22] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).

[23] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents (citations omitted)).

[24] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

[25] *Walker*, 99 F.3d at 769.

[26] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[27] *Walker*, 99 F.3d at 770 (citation omitted).

[28] *Id.*; *see also U.S. ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) (Africk, J.) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Walker*, 99 F.3d at 770)).

[29] *See Fleming v. Elliot Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).

7

in drafting the motion, not time spent locating addresses and coordinating with the process server.

### C. Adjusting the Lodestar

The Court has carefully evaluated the *Johnson* factors and finds no lodestar adjustment is warranted.

### III.    CONCLUSION

Defendants unreasonably failed to honor their duty to avoid unnecessary expense in connection with service of the summons in this case.  Not only did they fail to honor that duty, but at least one defendant openly sought to evade service.  Such conduct is inexcusable, particularly given Defendants' status as attorneys and officers of the court.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Pamela Carter's Motion for Reimbursement of Service Costs and Attorneys' Fees. (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that Defendants pay Plaintiff $4,103.25, reflecting $2,039.25 in service costs and $2,064 in attorneys' fees, within 30 days.

New Orleans, Louisiana, this __30th__ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE