UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA CARTER | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2273 |
| QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ET AL. | * | SECTION "R" DIV. (2) |

## ORDER AND REASONS

Before me is Defendant Quintairos, Prieto, Wood & Boyer, P.A.'s Motion for Leave to File Counterclaim. ECF No. 40. This motion was scheduled for submission on Wednesday, June 10, 2026. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, June 2, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff invoked this Court's federal question jurisdiction and supplemental jurisdiction in this employment case raising numerous claims, including discrimination and breach of contract. ECF No. 1 ¶¶ 8-9. Defendant now seeks leave to amend to assert a compulsory Counterclaim. ECF No. 40; No. 40-2 at 1-2. Defendant invokes this Court's supplemental jurisdiction to support the exercise of jurisdiction over its breach of contract and unjust enrichment claims asserted against Plaintiff. ECF No. 40-1 ¶ 3.[1]

---

[1] Defendant also asserts that the Court has subject matter jurisdiction based on diversity of citizenship. ECF No. 40-1 ¶ 4. However, Defendant entirely fails to properly allege each party's citizenship as required to establish complete diversity. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citation modified) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). The reference to Plaintiff's residence in ¶ 2 is insufficient to establish citizenship. *Id.* (recognizing that the citizenship of a natural person is determined by domicile, which requires residency plus an intent to remain, not simply the residence); *see also Midcap Media Fin.,*

1

Defendant timely seeks leave to amend within the deadline established by the Scheduling Order. *See* ECF No. 35 at 1. Thus, the request for leave to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure rather than the more stringent good cause requirements of Rule 16(b). *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Rule 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification only for good cause and with the judge's consent; the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order); *see also* FED. R. CIV. P. 13 advisory committee's note to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15.").

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[2] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the

---

*L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("The difference between citizenship and residency is a frequent source of confusion." (alteration in original)). Similarly, Defendant refers to itself as a Florida-based multistate law firm organized under the laws of Florida, but does not specify whether it is a corporation, partnership or limited liability company. A corporation's citizenship is determined by its principal place of business and its state of incorporation. *MidCap*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1); *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)). The citizenship of an unincorporated association (i.e., partnerships or LLC) is based on the citizenship of all its members, which may require tracing citizenship through various layers to reach a natural or corporate member. *Id.* (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). The existence of supplemental jurisdiction under § 1367, however, renders a determination of diversity unnecessary.

[2] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173-74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

opposing party; and (5) futility of the amendment.[3]  Given Rule 15(a)'s "bias in favor of granting leave to amend," absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[4]

Plaintiff has not filed an Opposition to the motion.  Moreover, given the compulsory nature of the counterclaim, the initial stages of discovery, and absence of prejudice, there is no "substantial reason" to deny the request.  Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Defendant's Motion for Leave to File Counterclaim is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Defendant's Proposed Counterclaim (ECF No. 40-1) into the court record.

New Orleans, Louisiana, this 10th day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[4] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).