UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA CARTER                                          CIVIL ACTION

VERSUS                                                      NO. 25-2273

QUINTAIROS, PRIETO, WOOD &                 SECTION "R" (4)
BOYER, P.A., ET AL.

## ORDER AND REASONS

Before the Court is the motion of defendant Elisa Hernandez to dismiss plaintiff's claims against her for lack of personal jurisdiction or alternatively for failure to state a claim.[1] Plaintiff Pamela Carter has opposed Hernandez's motion.[2] For the following reasons, the Court grants the motion.

## I.    BACKGROUND

Pamela Carter brings this employment-related suit against QPWB, Debbie Riley, Eric Boyer, and Elisa Hernandez (collectively, "Defendants").[3] Carter alleges that she was employed by QPWB at its Metairie, Louisiana office.[4] She alleges that her employment by QPWB began around December 10, 2021, and that she served as the Managing Partner of the Metairie Office.[5]

---

[1]    R. Doc. 25.
[2]    R. Doc. 32.
[3]    R. Doc. 1.
[4]    *Id.* at ¶ 11.
[5]    *Id.* at ¶¶ 11-12.

Carter claims that she was diagnosed with breast cancer on May 30, 2023, and that she notified Riley and Boyer of her diagnosis and need for treatment.[6] She alleges that she began to undergo chemotherapy on June 1, 2023, and that she continued to work remotely through August 2023.[7] She further alleges that she was hospitalized in September 2023 due to a severe reaction to chemotherapy, and that she informed Riley and Boyer of her condition and the need for two surgeries.[8] She claims that she formally requested leave under the Family Medical Leave Act ("FMLA") that same month.[9] In October 2023, she allegedly underwent additional medical treatment in October 2023 and was hospitalized for two weeks.[10]

Carter alleges that Riley, Boyer, and other unnamed QPWB employees made comments that her medical treatment was an inconvenience to the firm.[11] In October 2023, QPWB allegedly terminated most of the Metairie staff, despite a lack of history of performance issues.[12] Carter alleges that she was terminated on November 1, 2023 while on approved FMLA leave via an

---

[6]      *Id.* at ¶¶ 13-14.
[7]      *Id.* at ¶¶ 15-16.
[8]      *Id.* at ¶¶ 17-18.
[9]      *Id.* at ¶ 19.
[10]     *Id.* at ¶ 20.
[11]     *Id.* at ¶ 21.
[12]     *Id.* at ¶ 22.

email from Boyer.[13]  Boyer allegedly said the reason for her termination was "the office, management office, files, disgruntled staff, unhappy clients both defense and plaintiff . . . it's all a mess," which Carter alleges was false and pretextual.[14]  Carter alleges that her termination was in violation of 29 U.S.C. § 2615 and in violation of the QPWB Employment Policy Manual.[15]

Carter further alleges that she suffered a medical relapse following her termination which has resulted in injuries and required medical care.[16]  She additionally claims that defendants have refused to pay her fees that she earned from cases she handled for QPWB.[17]  And she alleges that Riley and Boyer made false and defamatory statements to QPWB clients regarding her performance and conduct.[18]

Carter filed a Charge of Discrimination alleging disability discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and a charge of employment discrimination with the Louisiana Commission on Human Rights ("LCHR") on March 13, 2024.[19]  She alleges that she received a notice of dismissal and

---

[13]     *Id.* at ¶¶ 23, 25.
[14]     *Id.* at ¶ 24.
[15]     *Id.* at ¶¶ 25-26.
[16]     *Id.* at ¶ 29.
[17]     *Id.* at ¶¶ 27-28.
[18]     *Id.* at ¶¶ 30-35.
[19]     *Id.* at ¶ 36.

right to sue from the LCHR on August 11, 2025, and a right to sue letter from the EEOC on September 4, 2025.[20]

On November 6, 2025, plaintiff filed this suit.[21] She brings eight claims against defendants: First, for violation of the Family and Medical Leave Act against QPWB; second, for wrongful termination/retaliation under La. R.S. § 23:323 against QPWB, Riley, and Boyer; third, for defamation against Riley and Boyer; fourth, for tortious interference with business relations against Riley and Boyer; fifth, for breach of contract against QPWB and Hernandez; sixth for violation of the Americans with Disabilities Act ("ADA") against QPWB; seventh, for violation of the Louisiana Employment Discrimination Law ("LEDL") against QPWB, Riley, and Boyer; and eighth, for violation of the Louisiana Wage Payment Act against QPWB, Riley, and Boyer.[22]

Defendant Hernandez moves to dismiss plaintiff's complaint against her, asserting that this Court lacks personal jurisdiction over her.[23] Hernandez also argues that plaintiff's breach of contract claim, the only claim brought against Hernandez should be dismissed as brought against

---

[20]   *Id.* at ¶¶ 37-38.
[21]   *See id.*
[22]   *See id.* The Court notes that counts seven and eight are both numbered "Count VII."
[23]   R. Doc. 25.

Hernandez under Federal Rule of Civil Procedure 12(b)(6).[24]    Plaintiff opposes Hernandez's motion, and requests leave to amend should this Court find plaintiff's complaint deficient.[25]

The Court considers the parties' arguments below.

## II.    LEGAL STANDARD

### A.    Personal Jurisdiction

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal citation omitted).  When a defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Pearson v. Shriners Hosps. for Children, Inc.*, 133 F.4th 433, 441 (5th Cir. 2025) (citation modified).  When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing of jurisdiction.  *Danziger & De Llano, L.L.P. v. Margan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022).  The allegations of the complaint, except

---

[24]    *Id.*
[25]    R. Doc. 32.

as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024).

"Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 351 (5th Cir. 2021). A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Savoie v. Pritchard*, 122 F.4th 185, 190 (5th Cir. 2024).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial

justice." *Revell*, 317 F.3d at 470 (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

There are two ways to establish minimum contacts: general jurisdiction and specific jurisdiction. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) For an individual, such as defendant Hernandez, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Minimum contacts may be established by actions, or even only a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

When the cause of action relates to the defendant's purposeful contact with the forum, the "minimum contacts" requirement is met. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (2007)  (holding that "[a] plaintiff's or third party's unilateral activities cannot establish minimum contacts between the defendant and forum state"); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  This requirement of minimum contacts ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal quotations omitted) (quoting *Burger King*, 471 U.S. at 474); *see also Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colorado*, 615 F.3d 364, 369 (5th Cir. 2010).

### B.    12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and "that, if true, 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir.

2020) (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

## III.  DISCUSSION

### A.    General Personal Jurisdiction

Hernandez asserts that she is a resident of the state of Florida, not a resident of Louisiana as plaintiff's complaint contends.[26]  Plaintiff's bare allegation regarding Hernandez's residency, which Hernandez's affidavit contradicts, is insufficient to make a *prima facie* case for personal jurisdiction.  *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (holding that a court may consider the evidentiary record, and not merely plaintiff's assertions, at the time of a motion to dismiss for want of personal jurisdiction).  The evidence in the record shows

---

[26]    *See* R. Doc. 25-2 at ¶ 2; R. Doc. 1 at ¶ 4.

Hernandez's domicile to be Florida.[27]  *See Goodyear Dunlop*, 564 U.S. at 924.  Plaintiff has therefore not made a *prima facie* showing that general personal jurisdiction exists in Louisiana.

### B.    Specific Personal Jurisdiction: Breach of Contract

The Court thus turns its inquiry to specific personal jurisdiction. Specific jurisdiction is "a claim-specific inquiry."  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).  The Court does not have specific jurisdiction unless the claim "arise[s] out of or relate[s] to the defendant's contacts" with Louisiana.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1025 (2021) (internal citations omitted).

Plaintiff's only claim against Hernandez is for breach of contract.[28] Plaintiff does not allege that she had a contract with Hernandez.  Because plaintiff alleges no contract with Hernandez, there are no relevant contacts with Louisiana to give rise to personal jurisdiction over a contract claim against Hernandez.  The Court lacks personal jurisdiction over the only claim against Hernandez in this action.  Accordingly, the Court must dismiss plaintiff's action against Hernandez for lack of jurisdiction.

---

[27]    R. Doc. 25-2 at ¶ 2.

[28]    *See* R. Doc. 1.

## C.    Leave to Amend

District courts must dismiss with leave to amend "unless the defect is simply incurable, or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)).

This is plaintiff's first complaint, and it is not clear that any amendment would be futile.  Plaintiff is therefore granted leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.  The Court DISMISSES claim V as brought against Hernandez without prejudice and with leave to amend.

Plaintiff must file an amended complaint within FOURTEEN DAYS of this Order.

New Orleans, Louisiana, this __12th__ day of June, 2026.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11