UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA CARTER

CIVIL ACTION

VERSUS

NO. 25-2273

QUINTAIROS, PRIETO, WOOD &
BOYER, P.A., ET AL.

SECTION "R" (4)

## ORDER AND REASONS

Before the Court is the motion of defendants Eric Boyer and Deborah Riley to dismiss two of plaintiff Pamela Carter's claims.[1]  Plaintiff filed a response motion in which she states she does not oppose the dismissal of those claims as brought against Boyer and Riley and requests leave to amend.[2]  For the following reasons, the Court grants defendants' motion and provides plaintiff fourteen days to amend her complaint as brought against Boyer and Riley.

### I.    BACKGROUND

Pamela Carter brings this employment-related suit against QPWB, Debbie Riley, Eric Boyer, and Elisa Hernandez (collectively, "Defendants").[3] Carter alleges that she was employed by QPWB at its Metairie, Louisiana

---

[1]    R. Doc. 26.
[2]    R. Doc. 31.
[3]    R. Doc. 1.

office.[4] She alleges that her employment by QPWB began around December 10, 2021, and that she served as the Managing Partner of the Metairie Office.[5]

Carter claims that she was diagnosed with breast cancer on May 30, 2023, and that she notified Riley and Boyer of her diagnosis and need for treatment.[6] She alleges that she began to undergo chemotherapy on June 1, 2023, and that she continued to work remotely through August 2023.[7] She further alleges that she was hospitalized in September 2023 due to a severe reaction to chemotherapy, and that she informed Riley and Boyer of her condition and the need for two surgeries.[8] She claims that she formally requested leave under the Family Medical Leave Act ("FMLA") that same month.[9] In October 2023, she allegedly underwent additional medical treatment and was hospitalized for two weeks.[10]

Carter alleges that Riley, Boyer, and other unnamed QPWB employees made comments that her medical treatment was an inconvenience to the firm.[11] In October 2023, QPWB allegedly terminated most of the Metairie

---

[4]     *Id.* at ¶ 11.
[5]     *Id.* at ¶¶ 11-12.
[6]     *Id.* at ¶¶ 13-14.
[7]     *Id.* at ¶¶ 15-16.
[8]     *Id.* at ¶¶ 17-18.
[9]     *Id.* at ¶ 19.
[10]    *Id.* at ¶ 20.
[11]    *Id.* at ¶ 21.

staff, despite a lack of history of performance issues.[12]  Carter alleges that she was terminated on November 1, 2023, while on approved FMLA leave via an email from Boyer.[13]  Boyer allegedly said the reason for her termination was "the office, management office, files, disgruntled staff, unhappy clients both defense and plaintiff . . . it's all a mess," which Carter alleges was false and pretextual.[14]  Carter alleges that her termination was in violation of 29 U.S.C. § 2615 and in violation of the QPWB Employment Policy Manual.[15]

Carter further alleges that she suffered a medical relapse following her termination which has resulted in injuries and required medical care.[16]  She additionally claims that defendants have refused to pay her fees that she earned from cases she handled for QPWB.[17]  And she alleges that Riley and Boyer made false and defamatory statements to QPWB clients regarding her performance and conduct.[18]

Carter filed a Charge of Discrimination alleging disability discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and a charge of employment

---

[12]     *Id.* at ¶ 22.
[13]     *Id.* at ¶¶ 23, 25.
[14]     *Id.* at ¶ 24.
[15]     *Id.* at ¶¶ 25-26.
[16]     *Id.* at ¶ 29.
[17]     *Id.* at ¶¶ 27-28.
[18]     *Id.* at ¶¶ 30-35.

discrimination with the Louisiana Commission on Human Rights ("LCHR") on March 13, 2024.[19]  She alleges that she received a notice of dismissal and right to sue from the LCHR on August 11, 2025, and a right-to-sue letter from the EEOC on September 4, 2025.[20]

On November 6, 2025, plaintiff filed this suit.[21]  She brings eight claims against defendants: first, for violation of the Family and Medical Leave Act against QPWB; second, for wrongful termination/retaliation under La. R.S. § 23:323 against QPWB, Riley, and Boyer; third, for defamation against Riley and Boyer; fourth, for tortious interference with business relations against Riley and Boyer; fifth, for breach of contract against QPWB and Hernandez; sixth, for violation of the Americans with Disabilities Act ("ADA") against QPWB; seventh, for violation of the Louisiana Employment Discrimination Law ("LEDL") against QPWB, Riley, and Boyer; and eighth, for violation of the Louisiana Wage Payment Act against QPWB, Riley, and Boyer.[22]

---

[19]     *Id.* at ¶ 36.

[20]     *Id.* at ¶¶ 37-38.

[21]     *See id.*

[22]     *See id.*  The Court notes that counts seven and eight are both numbered "Count VII."  To avoid confusion, the Court refers to plaintiff's LEDL claim, which is at issue in the present motion, as "first-stated count VII."

Defendants Boyer and Riley now move to dismiss portions of plaintiff's complaint.[23] Plaintiff responded to the partial motion to dismiss, stating that she does not oppose the dismissal of the claims at issue and requesting leave to amend.[24]

The Court considers the parties' arguments below.

## II.    LAW AND ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and "that, if true, 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court

---

[23]    R. Doc. 26.
[24]    R. Doc. 31.

is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

District courts must dismiss with leave to amend "unless the defect is simply incurable, or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)). The presumption is that courts should dismiss a complaint only after "affording every opportunity" to the plaintiff to state a claim unless it would be futile. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if "it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Defendants Boyer and Riley seek dismissal of plaintiff's wrongful termination/retaliation and LEDL claims as brought against them as individuals.[25] Boyer and Riley argue that they were not plaintiff's "employer" and therefore plaintiff cannot bring her wrongful termination/retaliation and LEDL claims against them.[26] Plaintiff does not contest this.[27]

---

[25] *See* R. Doc. 26.
[26] *Id.*
[27] See R. Doc. 31.

Both counts that defendants seek to dismiss were brought under La. R.S. 23:323, which is part of the LEDL.  LEDL claims lie only against the plaintiff's "employer."  La. R.S. 23:303(A) (authorizing civil suits against an "employer, employment agency, or labor organization"); *see also Dejoie v. Medley*, 9 So. 3d 826 (La. 2009).  The LEDL defines "employee" as "an individual employed by an employer," and defines "employer" as:

> a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee.

La. R.S. 23:302.  Co-workers and supervisors are not "employers," and they are not subject to individual liability under the LEDL.  *See Aronzon v. Southwest Airlines*, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004) (collecting cases).  In her complaint, plaintiff names QPWB as her employer, not Boyer and/or Riley.  Plaintiff cannot bring count II and first-stated count VII against Boyer and Riley.  The Court must dismiss count II and first-stated count VII as brought against Boyer and Riley.

Further, for the reasons above, amendment of these counts would be futile and must be dismissed with prejudice.  But plaintiff's request for leave to amend appears to seek to allege new theories of liability against Boyer and Riley.  Plaintiff has not previously amended her complaint, and defendants have not opposed her request to amend the complaint or argued that an

7

amendment to add other claims would be futile.  Accordingly, plaintiff may amend her complaint.  *See Mayeanux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (amendments that propose alternative legal theories of recovery "generally should be permitted").

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss.  The Court DISMISSES claim II and first-stated claim VII as brought against Boyer and Riley WITH PREJUDICE.   These claims remain as brought against QPWB, plaintiff's employer.

Plaintiff shall have FOURTEEN DAYS to file an amended complaint proposing other theories of liability based upon the alleged conduct of Boyer and Riley.

Plaintiff is not authorized to conduct any discovery to determine whether she has new claims.

New Orleans, Louisiana, this __12th__ day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE